IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXIDE TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 02-11125 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER DENYING MOTION OF PACIFIC DUNLOP HOLDINGS (USA), INC., PACIFIC DUNLOP HOLDINGS (EUROPE) LIMITED, P.D. INTERNATIONAL PTY LIMITED, PACIFIC DUNLOP HOLDINGS (HONG KONG) LIMITED AND PACIFIC DUNLOP HOLDINGS (SINGAPORE) PTE. LTD FOR REMAND OF STATE LAW ACTION OR, IN THE ALTERNATIVE, FOR ABSTENTION AND FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY TO PROCEED TO LIQUIDATE CLAIM IN STATE COURT

Upon consideration of the Motion of Pacific Dunlop Holdings (USA), Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International Pty Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE. Ltd. (collectively, the "Plaintiffs") for Remand of State Law Action or, in the Alternative, for Abstention And for an Order Granting Relief from the Automatic Stay to Proceed to Liquidate Claim in State Court ("Plaintiffs' Motion"), Debtor Exide Technologies, Inc., f/k/a Exide Corporation's ("Exide") Opposition thereto, arguments of counsel on the record at the hearing of Plaintiffs' Motion on November 19, 2003, and being fully advised,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

For the reasons articulated on the record on November 19, 2003, Plaintiffs' Motion is DENIED. The Court finds that Section 4.2(a) of the Coordinating Agreement as modified by Amendment No. 1 of the Coordinating Agreement is unambiguous, that Debtor Exide is the sole

---

[1] The Debtors in these proceedings are: Exide Technologies, Inc., f/k/a Exide Corporation; Exide Delaware, L.L.C.; Exide Illinois, Inc.; RBD Liquidation, L.L.C.; Dixie Metals Company; and Refined Metals Corporation.

indemnitor thereunder, and that consequently the foreign Pacific Dunlop entities have no right of recovery against the non-debtor Exide entities. The Court also finds that all the claims asserted by the Plaintiffs, including those of the foreign Pacific Dunlop entities, are core proceedings to which the automatic stay applies, that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(B) and (C), that mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) is inapplicable, and that neither remand pursuant to 28 U.S.C. § 1452(b) nor discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is warranted.

SO ORDERED this 11th day of Dec. 2003.

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE