IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXIDE TECHNOLOGIES, INC., *et al.*,[1] | ) | Case No. 02-11125 (KJC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |

**APPELLANTS' DESIGNATION OF RECORD
AND STATEMENT OF ISSUES ON APPEAL**

Appellants Pacific Dunlop Holdings (USA), Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International Pty Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE. Ltd. (collectively, "Appellants" or the "Pacific Dunlop Holdings Entities")[2], by their undersigned counsel, hereby submit this designation of items to be included in the record on their appeal of a) the Bankruptcy Court's June 20, 2005 Order Denying Motion of Pacific Dunlop Holdings Entities for Reconsideration (docket no. 5104), b) the Bankruptcy Court's Memorandum Opinion entered on June 20, 2005 (docket no. 5103), c) the Bankruptcy Court's December 15, 2003 Order Denying the Motion of the Pacific Dunlop Holdings Entities for Remand of State Law Action or, In the Alternative, for Abstention and for an Order Granting Relief from the Automatic Stay to Proceed to Liquidate Claim in State Court (docket no. 3325), and d) the transcript of the hearing on November 19, 2003 pertaining to the December 15, 2003 Order (docket no. 3293).

---

[1] The Debtors in these proceedings are: Exide Technologies, Inc., f/k/a Exide Corporation; Exide Delaware, L.L.C.; Exide Illinois, Inc.; RBD Liquidation, L.L.C.; Dixie Metals Company; and Refined Metals Corporation.

[2] Collectively, the three Appellants *other than* Pacific Dunlop Holdings (USA), Inc. – *i.e.*., Pacific Dunlop Holdings (Europe) Limited, P.D. International Pty Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE. Ltd. – are hereafter referred to as the "PDH Foreign Entities".

1249245/2

Appellants also hereby submit this statement of the issues presented in their appeal, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure.

## DESIGNATION OF ITEMS TO INCLUDE IN RECORD

Appellants hereby designate the following items to include in the record on appeal:

1. The Bankruptcy Court's Order Denying Motion of Pacific Dunlop Holdings Entities for Reconsideration of Order Denying Their Motion to Remand or for Abstention and Stay Relief, and Dismissing Their Causes of Action Against the Non-Debtor, Foreign Exide Entities. (the "Order Denying Motion for Reconsideration"), entered on June 20, 2005 **(docket no. 5104)**

2. Memorandum Denying Motion of Pacific Dunlop Holdings Entities for Reconsideration of Order Denying Their Motion to Remand or for Abstention and Stay Relief, and Dismissing Their Causes of Action Against the Non-Debtor, Foreign Exide Entities, entered on June 20, 2005 **(docket no. 5103)**

3. The Bankruptcy Court's Order Denying Motion of Pacific Dunlop Holdings (USA), Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International PTY Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE, Ltd for Remand of State Law Action or, In the Alternative, for Abstention and for an Order Granting Relief from the Automatic Stay to Proceed to Liquidate Claim in State Court (the "Order Denying Motion for Remand or Stay Relief"), entered on December 15, 2003 **(docket no. 3325)**

4. Transcript of Motions Hearing Before the Honorable Kevin J. Carey, United States Bankruptcy Judge, November 19, 2003, entered on December 8, 2003 **(docket no. 3293)**

5. Motion of Pacific Dunlop Holdings (USA), Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International PTY Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE. Ltd. for Remand of State Law Causes of Action or, in the Alternative, for Abstention and for an Order Granting Relief from the Automatic Stay to Proceed to Liquidate Claim in State Court, filed on 10/3/2003, with accompanying Attachments: ( #1 Notice of Motion, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Exhibit D, #6 Exhibit E, #7 Exhibit F, #8 Exhibit G, #9 Exhibit H, #10 Exhibit I, #11 Exhibit J, #12 Exhibit K, #13 Exhibit L, # 14 Proposed Form of Order, and #15 Affidavit of Service) **(docket no. 2507)**

6. Debtors' Opposition to Motion of Pacific Dunlop Holdings (USA) Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International PTY Limited, Pacific Dunlop Holdings (Hong Kong) Limited and Pacific Dunlop Holdings (Singapore) PTE. LTD for Remand of State Law Action or, In the Alternative, for Abstention and for an Order Granting Relief from the Automatic Stay to Proceed to Liquidate Claims in State Court filed by Exide Technologies, filed on 10/27/2003, with Attachments: (#1 Exhibit

1249245/2

A, #2 Exhibit B, #3 Exhibit C - Part 1, #4 Exhibit C - Part 2, # 5 Exhibit D, #6 Exhibit E - Part 1, #7 Exhibit E - Part 2, #8 Exhibit F, #9 Certificate of Service) **(docket no. 2942)**

7.   Motion of Pacific Dunlop Holdings Entities for Reconsideration of Order Denying Their Motion to Remand or For Abstention and Stay Relief, and Dismissing Their Causes of Action Against the Non-Debtor, Foreign Exide Entities, filed on 12/26/2003, with Attachments: ( #1 Notice of Motion, #2 Exhibit A, #3 Exhibit B, #4 Exhibit C, #5 Exhibit D, #6 Proposed Form of Order, #7 Affidavit of Service) **(docket no. 3385).**

8.   Substituted Declaration of Martin Hudson Re: D.I. 3385, filed on 1/6/2004 **(docket no. 3417)**

9.   Debtors' Opposition to Motion of Pacific Dunlop Holdings Entities for Reconsideration of Order Denying Their Motion to Remand or For Abstention and Stay Relief, and Dismissing Their Causes of Action Against the Non-Debtor, Foreign Exide Entities, filed on 1/15/2004, with Attachment Exhibit A **(docket no. 3465)**

10.   Transcript of Hearing on January 22, 2004 at 2:15 p.m., filed on 2/11/2004 **(docket no. 3596)**

11.   Order transferring Adversary from another District. (Circuit Court of Cook County Civil action #01-L 008460) Northern District of Illinois Eastern Division. (Received in U.S. Bankruptcy Court District of Delaware, 1/14/2003), with Attachment Docket Sheet), entered as first entry in *Pacific Dunlop Holding Europe, et al. v. Exide Holding Europe, et al.*, Adv. Pro. No. 04-51299-KJC on 01/14/2004 **(docket no. 1 in Adv. Pro. No. 04-51299-KJC)**

12.   **Court docket** for Adv. Pro. No. 04-51299 (KJC)

13.   Circuit Court of Cook County, Illinois Order consolidating the actions docketed as No. 01 L 15589 and 01 L 08460 before Judge Sheldon Gardner (contained within the file transferred from Illinois to the Bankruptcy Court in Delaware). **See docket no. 1 in Adv. Pro. No. 04-51299-KJC).**

14.   Transcript of Hearing before Honorable Sheldon Gardner, July 8, 2002 (contained within the file transferred from Illinois to the Bankruptcy Court in Delaware). **See docket no. 1 in Adv. Pro. No. 04-51299-KJC).**

15.   Amended Joint Plan Of Reorganization Of The Official Committee Of Unsecured Creditors And The Debtors, filed on 3/15/2004, with Attachments: Exhibit A, Exhibit B, and Exhibit C **(docket no. 3918)**

16.   Amended Disclosure Statement for Joint Plan of Reorganization of the Official Committee of Unsecured Creditors and the Debtors, Filed on 3/15/2004, with Attachments: #(1) Disclosure Statement - Part 2, #(2) Disclosure Statement - Part 3, #(3) Exhibit A - Part 1, #(4) Exhibit A - Part 2, #(5) Exhibit B, #(6) Exhibit C, #(7) Exhibit D

1249245/2

- Part 1, #(8) Exhibit D - Part 2, #(9) Exhibit D - Part 3, and #(10) Exhibit E **(docket no. 3919)**

17.  Objections of Pacific Dunlop Holdings (USA) Inc., et al., to the Joint Plan of Reorganization of the Official Committee of Unsecured Creditors and the Debtors (Re: Docket No. 3918, filed on 4/8/2004 **(docket no. 4133)**

18.  Findings Of Fact, Conclusions Of Law Relating to Confirmation of the Joint Plan of Reorganization of the Official Committee of Unsecured Creditors and the Debtors, entered on 4/21/2004  **(docket no. 4340)**

19.  Order Confirming Joint Plan of Reorganization of the Official Committee of Unsecured Creditors and the Debtors entered on 4/21/2004 **(docket no. 4341)**

20.  Amended Notice of Appeal, filed on 6/30/2005 **(docket no. 5125)**

## STATEMENT OF ISSUES ON APPEAL

The following issues are presented in this appeal of the June 20, 2005 Order of the Bankruptcy Court denying Appellants' Motion for Reconsideration, and accompanying Memorandum Opinion, and the Bankruptcy Court's December 15, 2003 Order, and accompanying transcript from the hearing on November 19, 2003 that preceded the entry of that order:

1.  Did the Bankruptcy Court err by applying an incorrect standard for motions for reconsideration, in failing to consider manifest errors of law or fact?

2.  Did the Bankruptcy Court err by mis-applying the standards for motions for reconsideration, and failing to consider the procedural posture of the Pacific Dunlop Holdings Entities' initial motion, which did not present to the Court any question of a determination (or dismissal) of the claims of the PDH Foreign Entities against the non-debtor Exide Foreign Entities[3]?

---

[3]  The PDH Foreign Entities hold claims against three non-debtor entities (or their successors in interest): (i) Exide Holding Europe, a French company; (ii) Exide Holding Asia Pte. Limited, a Singapore

4

3.      Did the Bankruptcy Court err by failing to apply Fed. R. Bankr. P. 3008, insofar as the Court's ruling had disallowed the claims of the PDH Foreign Entities against the non-debtor Exide Foreign Entities?

4.      Did the Bankruptcy Court err in rendering findings upon and dismissing all the claims of the PDH Foreign Entities against the non-debtor Exide Foreign Entities, in concluding that it had subject matter jurisdiction to address and resolve claims asserted by the non-debtor PDH Foreign Entities against the non-debtor Exide Foreign Entities?

5.      Did the Bankruptcy Court err, in dismissing the PDH Foreign Entities' causes of action against the non-debtor Exide Foreign Entities, in concluding that the dispute between the non-debtor PDH Foreign Entities and the non-debtor Exide Foreign Entities was a core proceeding within 28 U.S.C. § 157(b)?

6.      Did the Bankruptcy Court err by failing to find even latent ambiguity in the agreements at issue between the parties, and failing to give due regard to the agreements as a whole in rendering its interpretation of the agreements?

7.      Did the Bankruptcy Court err by failing to address the merits of the Appellants' argument grounded on mutual mistake, a theory which Appellants did not have cause to raise affirmatively in their Motion for Remand of State Law Action or, In the Alternative, for Abstention and for an Order Granting Relief from the Automatic Stay?

8.      Did the Bankruptcy Court err by failing to consider any extrinsic evidence, including the Declarations of James McDonough and Martin Hudson, in connection with the interpretation of the agreements at issue between the parties?

---

corporation; and (iii) Exide Singapore Pte. Limited (formerly Bluewall Pte. Ltd), a Singapore corporation. The three entities are collectively referred to as the "Exide Foreign Entities"

9. Did the Bankruptcy Court err by failing to enforce the forum selection clauses in the parties' contracts?

10. Did the Bankruptcy Court err by failing to remand the dispute between the PDH Foreign Entities and the non-debtor Exide Foreign Entities to the Illinois State Court pursuant to 11 U.S.C. § 1452(b)?

11. Did the Bankruptcy Court err by failing to abstain from hearing the dispute between the PDH Foreign Entities and the non-debtor Exide Foreign Entities pursuant to 28 U.S.C. § 1334(c)(2)?

Respectfully submitted,

Dated: July 11, 2005

MORRIS, JAMES, HITCHENS & WILLIAMS LLP

_____
Brett D. Fallon (ID No. 2480)
Douglas N. Candeub (ID No. 4211)
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, Delaware 19899
Telephone: (302) 888-6800
Facsimile: (302) 571-1750
Email: bfallon@morrisjames.com
Email: dcandeub@morrisjames.com

-and-

Linda Woolf, Esquire
Paula Krahn Merkle, Esquire
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Facsimile: (410) 783-4040

Attorneys for the Pacific Dunlop Holdings Entities

1249245/2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXIDE TECHNOLOGIES, et al., | ) | Case No. 02-11125 (KJC) |
| | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |

## AFFIDAVIT OF WILLIAM WELLER, PARALEGAL

STATE OF DELAWARE    :
                     : SS:
NEW CASTLE COUNTY    :

I, William Weller, certify that I am, and at all times during the service, have been an employee of Morris, James, Hitchens & Williams LLP, not less than 18 years of age and not a party to the matter concerning which service was made. I certify further that on July 11, 2005, I caused service of the following:

### APPELLANTS' DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

Service was completed upon parties on the attached list as indicated thereon.

Date: July 11, 2005

_____
William Weller

SWORN AND SUBSCRIBED before me this 11th day of July, 2005.

_____
NOTARY

My commission expires: _____

**VIA HAND DELIVERY**

Laura Davis Jones, Esquire
Pachulski, Stang, Ziehl,
 Young, Jones & Weintraub P.C.
919 North Market Street, 16th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
(Counsel to Debtors)

Mark Kenney, Esquire
Office of the United States Trustee
844 King Street, Room 2313
Lockbox 35
Wilmington, DE 19801
(U.S. Trustee)

**VIA FIRST CLASS MAIL**

Matthew N. Kleiman, Esquire
Kirkland & Ellis
200 East Randolph Drive
Chicago, Illinois 60601
(Counsel to Debtors)

Benjamin Chew, Esquire
Andrew Zimmitti, Esquire
Patton Boggs LLP
2550 M. Street, NW
Washington, DC 20037
(Counsel to Debtors)