# EXHIBIT E

IN THE UNITED STATES BANKRUPTCY COURT **RECEIVED**

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

AUG 2 8 2002

KENNETH S. GARDNER, CLERK

BY _____

DEPUTY CLERK

PACIFIC DUNLOP HOLDINGS        *
(EUROPE) LTD., et al.

        Plaintiffs                *        Case No. 02A01106

                                 *        Removed From Circuit Court of Cook
                                          County Civil Action No.: 01L 008460

v.                               *

EXIDE HOLDING EUROPE, et al.,    *        Judge Susan Pierson Sonderby

        Defendants               *

                                 *

*    *    *    *    *    *    *    *    *    *    *

## MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN

Plaintiffs Pacific Dunlop Holdings (Europe) Ltd. Pacific Dunlop Holdings (Hong Kong)

Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd., by their undersigned counsel, hereby

move this court pursuant to Rule 9014 of the Rules of Bankruptcy Procedure to remand the

above-captioned matter under 28 U.S.C. 1452(b), or in the alternative, to abstain under 28 U.S.C.

1334(c)(1) or (2), and state:

1.      During May and June of 2000, Pacific Dunlop Holdings (USA), Inc. and certain

of its affiliated corporations named above (collectively, "PDH") entered into separate stock

and/or asset sale agreements ("Sales Agreements") with Exide Technologies and certain of Exide

Technologies' subsidiary entities ("Non-Debtor Entities").

2.      Pacific Dunlop Holdings (USA), Inc. and Exide Technologies also entered into a

coordinating agreement ("Coordinating Agreement") which included provisions having an

overarching effect on the Sales Agreements. Each of the Non-Debtor Entities expressly adopted the provisions of the Coordinating Agreement by the terms of its respective Sales Agreement.

3.    On July 17, 2001, PDH filed a complaint in the Circuit Court for Cook County, Illinois, alleging that under Illinois common law, Exide Technologies and each of the Non-Debtor Entities independently breached the particular Sales Agreements to which each was a signatory by wrongfully retaining funds to which PDH is entitled or converting funds from PDH accounts. PDH additionally alleged that Exide Technologies and each of the Non-Debtor Entities are liable for conversion and unjust enrichment under Illinois common law.

4.    Exide Technologies filed in the United States Bankruptcy Court for the District of Delaware for bankruptcy protection under Chapter 11 of the Bankruptcy Code on April 15, 2002, and promptly requested that the Circuit Court for Cook County take notice that the state court litigation was stayed as to all defendants pursuant to 11 U.S.C. § 362. Although PDH acknowledged the stay of its claims pending against debtor Exide Technologies, PDH properly continued the prosecution of its separate claims against each of the Non-Debtor Entities for their independent breaches of their unique Sales Agreements (to which Exide Technologies is not a party), their independent conversion of PDH assets, and their unjust enrichment.

5.    The Non-Debtor Entities refused to accept that the automatic stay under 11 U.S.C. § 362(a) applied only to the debtor and property of the estate. Exide Technologies and the Non-Debtor Entities thus collectively filed in the state court litigation eight separate pleadings and argued at three separate hearings held solely on their various theories for staying the state court litigation. At no time, even at the suggestion of Circuit Court Judge Gardner, did Exide Technologies petition the United States District Court for the District of Delaware for injunctive or other relief under 11 U.S.C. § 105(a), to stay the litigation against the Non-Debtor Entities.

6. On July 8, 2002, after careful consideration of each of the parties' various filings and oral arguments, the Cook County Circuit Court assigned to the case refused to stay PDH's claims against the Non-Debtor Entities. Judge Gardner stated that he could not extend the Section 362(a) stay to the Non-Debtor Entities, and refused to enter a separate stay as to the Entities under Illinois law. *See* Exhibit J to attached Memorandum.

7. The Defendants then improperly removed this matter to this Court on August 21, 2002 pursuant to 28 U.S.C. § 1452, asserting that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. At the time of the removal of this action, the Circuit Court for Cook County had heard oral argument on 9 separate occasions (not including appearances to present motions to the Court), issued 11 orders relating to the case, and discovery was in an advanced stage. Interrogatories, requests for admission and requests for production of documents had been propounded and answered, nine deposition notices have been served, and one witness has been deposed.

8. This Court lacks jurisdiction over this matter under 28 U.S.C. § 1334 because PDH's claims against the Non-Debtor Entities do not "arise under" or "arise in" a case filed under the Bankruptcy Code, and PDH's claims are not "related to" Exide Technologies' bankruptcy case. Thus, Defendants' removal of this matter under 28 U.S.C. § 1452 was improper and this case should be remanded to the Circuit Court for Cook County.

9. Alternatively, in the interests of equity, this Court should remand this matter to the Circuit Court for Cook County, Illinois pursuant to 28 U.S.C. § 1452(b).

10. Even if this Court determines that it has "related to" jurisdiction, this Court is required to abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c)(2). Section 1334 is

3

the only basis of federal jurisdiction asserted by Defendants, the action is based upon state law claims not arising under Title 11, and the action can be timely adjudicated in state court.

11.    Moreover, even if this Court determines that it has "arising under," "arising in," or "related to jurisdiction," it should abstain from hearing this matter. Pursuant to 28 U.S.C. § 1334(c)(1), abstention would be justified in the interests of justice and in the interests of comity with state courts and respect for state law.

.12.    Pacific Dunlop Holdings (Europe) Ltd., Pacific Dunlop Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd. have attached a memorandum of law in support of this Motion.

A-0232

WHEREFORE, Plaintiffs Pacific Dunlop Holdings (Europe), Ltd., Pacific Dunlop

Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd. respectfully

move this Court to remand the matter to the Circuit Court for Cook County, Illinois pursuant to

28 U.S.C. 1452(b), or in the alternative, abstain from hearing the above-captioned matter

pursuant to 28 U.S.C. 1334(c)(1) or (c)(2).

Respectfully submitted,

Pacific Dunlop Holdings (Europe) Ltd., Pacific Dunlop
Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings
(Singapore) Pte. Ltd.

By: _____
        One of their attorneys

Charles P. Goodell, Jr., Esq.
Linda S. Woolf, Esq.
Thomas J.S. Waxter, III, Esq.
Alex J. Brown, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410)-783-4040 (Facsimile)

Thomas J. Verticchio, Esq.
Patrick G. Cooke, Esq.
PATZIK, FRANK & SAMOTNY LTD.
150 South Wacker Drive
Suite 900
Chicago, IL 60606
(312) 551 8300
(312) 551 1101 (Facsimile)

5

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECEIVED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

AUG 28 2002

| | | |
|---|---|---|
| PACIFIC DUNLOP HOLDINGS (EUROPE) LTD., et al. | * | KENNETH S. GARDNER, CLERK |
| | | BY_____ |
| Plaintiffs | * | Case No. 02A01106      DEPUTY CLERK |
| | * | Removed From Circuit Court of Cook |
| | | County Civil Action No.: 01L 008460 |
| v. | * | |
| EXIDE HOLDING EUROPE, et al., | * | Judge Susan Pierson Sonderby |
| Defendants | * | |
| *    *    *    *    * | * | *    *    *    * |

### MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ABSTAIN

Plaintiff Pacific Dunlop Holdings (Europe) Ltd., Pacific Dunlop Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd., by their undersigned counsel, hereby move this court to remand the improperly removed above-captioned matter, or, in the alternative, to abstain under 28 U.S.C. 1334(c)(1) or (c)(2), and state:

### I.    INTRODUCTION

Having failed to convince the Circuit Court for Cook County that this litigation is stayed under 11 U.S.C. § 362(a), Defendants have improperly removed the state court litigation in an attempt to circumvent the state court's rulings, and additionally have sought to transfer this action to a Delaware bankruptcy court. As delineated below, as this Court has no subject matter jurisdiction of the instant matter, it has been improperly removed. Thus, this Court must remand the above-captioned matter to the Circuit Court for Cook County prior to its consideration of

Defendants' motion to transfer venue. [1] In the alternative, if this Court determines that it has subject matter jurisdiction over this matter, this Court should remand this case under 28 U.S.C. §1452(b) or abstain under Section 1334(c)(1) or (c)(2).

## II.    FACTS

During May and June 2000, Pacific Dunlop Holdings (USA), Inc. and certain of its affiliated corporations (collectively, "PDH") agreed to sell and/or transfer certain of their subsidiaries and assets of other subsidiary entities to Exide Corporation (now known as Exide Technologies) and certain of Exide Technologies' subsidiary entities ("Non-Debtor Entities"). *See* Complaint, attached as Exhibit A at ¶¶ 2, 6. Exide Technologies and each of the Non-Debtor Entities entered into separate sales agreements ("Sales Agreements", attached as Exhibits B through F) with various PDH entities, pursuant to which specific PDH entities sold different corporate subsidiaries or assets to specific Exide entities.

Pacific Dunlop Holdings (USA), Inc. and Exide Technologies entered into a coordinating agreement ("Coordinating Agreement", attached as Exhibit G) which provided certain provisions having an overarching effect on the transactions. Each of the Non-Debtor Entities expressly adopted indemnification obligations under the Coordinating Agreement by including a provision in their respective Sales Agreement which provided that the signatory Non-Debtor Entity's sole and exclusive indemnification obligations under the Sales Agreement are set forth in the Coordinating Agreement[2] (collectively, the Coordinating Agreement and the Sales Agreements shall be the "Agreements").

---

[1] An examination of whether a case has been properly removed must be undertaken prior to a Court's acting upon a motion to transfer venue. *See Baxter Healthcare Corp. v. Hemex Liquidation Trust*, 132 B.R. 863, 865 (N.D.Ill. 1991).

[2] Each relevant provision of the respective Sales Agreements provides that "the [Non-Debtor Entity's] sole and exclusive indemnification obligations under this Agreement are set forth in the Coordinating Agreement. ... [W]ith respect to any breach by either party of its representations, warranties, covenants or agreements in this Agreement

2

In the Agreements, PDH, Exide Technologies and the Non-Debtor Entities clearly expressed their intent that cash held by the subsidiaries transferred thereunder was not to be conveyed to Exide Technologies or the Non-Debtor Entities. Complaint, at ¶¶ 7, 19. Despite the express language of the Agreements, Exide Technologies and the Non-Debtor Entities wrongfully retained or misappropriated an amount approximately aggregating $16.6 million (when converted to USA dollars under the then-prevailing rate of exchange) (the "Cash Amount"). *See* Complaint, at ¶ 13.[3]

Notwithstanding the parties' clearly expressed intent that PDH retain the separate sums collectively making up the Cash Amount, Exide Technologies and the Non-Debtor Entities each refused to execute the documents necessary to effectuate that intent. Complaint, at ¶¶ 8, 19-22. Accordingly, on July 17, 2001, PDH filed its Complaint, alleging claims under Illinois law[4] that Exide Technologies and the Non-Debtor Entities' breached their respective Agreements with PDH (Complaint, at ¶¶ 17-28), were each unjustly enriched by the various amounts that each unlawfully retained or removed from PDH accounts (Complaint, at ¶¶ 29-32), and that each respectively converted a portion of the Cash Amount (Complaint, at ¶¶ 33-37).[5]

Exide Technologies and the Non-Debtor Entities jointly filed the first of their two motions to dismiss PDH's claims on September 17, 2001, relying exclusively upon Illinois law

---

… the sole and exclusive remedy of the other party (in contract, tort, for contribution, under Requirements of Law or otherwise) shall be the indemnification provided in the Coordinating Agreement."
*See* Exhibits B, C, D, E §§ 10.1, 10.3; Exhibit F, §§ 11.1, 11.3.
[3] Under one of the Agreements, the assets of a PDH subsidiary were transferred rather than an ownership interest in the subsidiary. Cash held by that subsidiary was specifically excluded from assets transferred to the Non-Debtor Entity purchaser under that Agreement. After the Closing, however, the Non-Debtor Entity wrongfully removed cash from a bank account owned by the PDH subsidiary.
[4] By the Coordinating Agreement, the PDH, Exide Technologies and the Non-Debtors (who adopted its terms by their respective Sales Agreements, *See* fn.2) agreed that Illinois state law would govern any dispute between them arising from the transactions. *See* Exhibit G § 5.2.
[5] The Complaint was filed in the Circuit Court for Cook County, Illinois because the PDH entities, Exide Technologies and the Non-Debtor Entities each agreed to jurisdiction and venue in Cook County for any dispute arising under the Agreements.

A-0236

in support of their motion. On December 17, 2001, the Cook County Circuit Court judge assigned to this matter, the Honorable Sheldon Gardner, denied the Defendants' motion on all counts, and ordered the Defendants to answer PDH's complaint. The Defendants collectively filed an Answer on January 22, 2001, which included affirmative defenses and a counterclaim.

Discovery was in an advanced stage at the time of the removal of this action. PDH (USA) and Exide Technologies (prior to the filing of its Chapter 11 case) had each propounded and answered interrogatories and requests for production of documents, pursuant to which the parties exchanged more than twenty boxes of documents. Exide Technologies' document production was represented by its counsel to include documents produced by the Non-Debtor Entities. PDH has propounded a limited number of specific interrogatories and requests for production of documents to each of the Non-Debtor Entities.[6] On February 7, 2002, PDH served nine notices of deposition. PDH has taken the deposition of one of these witnesses, and has made numerous written and oral requests for dates upon which the remaining individuals could be deposed.

On April 15, 2002, Exide Technologies filed for relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter, Exide Technologies filed a Suggestion of Bankruptcy in the Circuit Court of Cook County requesting that the Court take notice that Exide Technologies' Chapter 11 filing operated as a stay of judicial proceedings against four specifically identified debtors, none of which included the Non-Debtor Entities. *See* Suggestion of Bankruptcy, attached as Exhibit H. Although PDH acknowledged that its claims against Exide Technologies were stayed under 11 U.S.C. §362(a), PDH continued the prosecution of its separate claims

---

[6] PDH planned to hand deliver the interrogatories and document requests to the Non-Debtor Entities at the August 22, 2002 hearing on the Defendants' motion to dismiss (and thus dated their cover letter as August 22, 2002), but the hearing was cancelled upon the Defendants' filing of their notice of removal on August 21, and informing PDH of

4

against the Non-Debtor Entities for the Non-Debtor Entities' independent breaches of their

unique Sales Agreements (to which Exide Technologies is not a party), independent conversion

of PDH assets, and unjust enrichment. *See* PDH's Response to Suggestion of Bankruptcy,

attached as Exhibit L.

At a hearing on April 30, 2002, Judge Gardner ordered a temporary stay of this matter

under the authority of Illinois state law to consider the effect of Exide Technologies' bankruptcy

filing. The parties then filed nine separate documents and argued at three hearings solely on the

issue of whether there was any justification for staying PDH's claims against the Non-Debtor

Entities, in light of Exide Technologies' Chapter 11 status.[7] In their various papers, the

Defendants contended that this matter should be stayed as to the Non-Debtor Entities in addition

to Exide Technologies, arguing that: (1) Exide Technologies is the "real party in interest" to

PDH's contract claims; (2) Exide Technologies is a necessary party without which PDH's claims

against the Non-Debtor Entities cannot proceed; (3) under the Agreements, Exide Technologies

is the only Defendant liable for the indemnification of PDH; (4) any judgment against the Non-

Debtor Entities may result in indemnification or contribution claims against the debtor, Exide

Technologies[8]; and (5) the threat of issue preclusion or collateral estoppel mandated application

of the stay to the Non-Debtor Entities. At the third hearing on the issue, on July 8, 2002, Judge

Gardner rejected each of the Defendants' arguments, stating that he had no power to extend the

Section 362 stay to the Non-Debtor Entities, and was not attempting to do so. *See* Transcript of

July 8, 2002 hearing, attached as Exhibit J, at 12, 16-19, 24 (lines 7-13). He ordered that PDH's

---

the filing after the documents had been mailed on that date. The documents were processed for mailing to the Non-Debtor Entities prior to PDH's receipt of the Defendants' Notice of Removal after business hours on August 21.

[7] Because of the constraints on the length of this memorandum contained in Rule 400(D) of the Bankruptcy Court for the Northern District of Illinois, we will not reiterate each of the parties' various arguments here, but have attached each of the twelve filings as Exhibits H,I and L through U.

[8] In making this argument bankruptcy counsel to Exide Technologies was careful to emphasize that Exide Technologies "by no means" concedes the validity of any such claims. See Exhibit N, at 7, ¶ 20.

5

independent claims against the Non-Debtor Entities should move forward without Exide Technologies.

After Judge Gardner issued his July 8th Order, the Non-Debtor Entities filed a formal motion to dismiss PDH's claims for lack of a necessary party, again contending that this action could not move forward in the absence of Exide Technologies.[9] Rather than risk a second unfavorable ruling on this issue, however, the Defendants decided to seek what they perceive to be a more favorable forum for their argument, by removing this matter to this Court on the day before the scheduled hearing in the Circuit Court for Cook County on their fully briefed motion. At no time, even at the suggestion of the Circuit Court Judge Gardner, did Exide Technologies petition the United States District Court for the District of Delaware for injunctive or other relief under 11 U.S.C. §105(a), to stay the litigation against the Non-Debtor Entities.

In sum, prior to the removal of this matter, the parties appeared before Judge Gardner for oral argument on 9 separate occasions (not including appearances to present motions to the Court), and Judge Gardner issued 11 orders relating to the case. In doing so, the Circuit Court judge has become familiar with the parties and the contracts at issue, at a substantial expenditure of judicial resources, which the Defendants are now asking this Court to duplicate without legal or factual justification.

### III.    DISCUSSION

---

[9] Although the Non-Debtor Entities' Motion to Dismiss for Lack of a Necessary Party was pending at the time of removal, Judge Gardner rejected an identical "necessary party" argument made in briefs filed by Exide Technologies and the Non-Debtor Entities prior Judge Gardner's refusal to stay this matter as to the non-Debtor Entities at the July 8, 2002 hearing. *See* Exhibits L, N, O, Q.

6

A.    **This Court Lacks Subject Matter Jurisdiction Over This Improperly Removed Action And Therefore Should Remand The Litigation To The Circuit Court of Cook County**

Defendants removed this matter pursuant to 28 U.S.C. § 1452(a), which provides that a party may remove any claim or cause of action to the federal district court where the civil action is pending if such district court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334. Plaintiffs have alleged that jurisdiction is proper under Section 1334 because the claims at issue "arise under," "arise in" or are "related to" a case filed under Chapter 11. Notice, at ¶ 3. This Court lacks jurisdiction over the instant action under each of the three potential bases for Section 1334(b) jurisdiction, and therefore must remand the litigation to the Circuit Court for Cook County, Illinois.

1.    **This Court Lacks "Arising Under" and "Arising In" Jurisdiction Over PDH's Claims**

"Arising under" jurisdiction encompasses proceedings that involve a cause of action "created or determined by a statutory provision of title 11." *In re Pettibone Corp.*, 135 B.R. 847, 851 (Bktcy.N.D.Ill. 1992). Courts lack "arising under" jurisdiction with respect to claims based upon state law. *Id.* PDH's state law breach of contract, conversion and unjust enrichment claims ("Claims") against the Non-Debtor Entities clearly do not "arise under" the Bankruptcy Code.

"'Arising in' jurisdiction encompasses administrative matters that arise only in bankruptcy cases and have no existence outside of the bankruptcy proceeding." *Id.* PDH's claims against the Non-Debtor Entities were filed almost eight months prior to Exide Technologies' bankruptcy filing, and over one year prior to their improper removal to this Court, during which time the state court denied a motion to dismiss the Claims and considerable discovery was conducted. PDH's Claims are viable outside of a bankruptcy proceeding, and are not properly before this Court based on "arising in" jurisdiction.

7

Further, the Seventh Circuit has made it clear that disputes between two nonparties to a bankruptcy proceeding, such as PDH and the Non-Debtor Entities, "cannot possibly" be subject to "arising under" or "arising in" jurisdiction. *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994). Thus, contrary to Defendants' statement in their Notice of Removal, the instant action is not a "core proceeding." Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy. *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997).

### 2.    This Court Lacks "Related To" Jurisdiction Over PDH's Claims

A case is not "related to" a bankruptcy proceeding unless its resolution has a "direct and substantial impact on the pool of assets available for distribution to creditors." *In re Bill Cullen Elec. Contracting Co.*, 160 B.R. 581, 584 (Bktcy.N.D.Ill. 1993). The fact that a dispute has some logical relationship to a bankruptcy case is not sufficient to confer jurisdiction on the bankruptcy court. *In re Urban Health Services, Ltd.*, 154 B.R. 486, 489 (Bktcy.N.D.Ill. 1993). The Seventh Circuit has repeatedly emphasized that in making determinations regarding "related to" jurisdiction, the jurisdiction of state courts must be preserved with respect to questions of state law involving persons not a party to the bankruptcy. *Id.*

There is no support for Exide Technologies' contention that PDH's claims against distinct corporate entities will have a direct and substantial impact on Exide Technologies' estate. The Non-Debtor Entities are individually liable to PDH for their independent torts and breaches of contracts to which they, not Exide Technologies, are parties. *See* Exhibits B through F. Accordingly, the Non-Debtor Entities would have no common law right to indemnification by Exide Technologies. Nor is there any language in the Agreements that provides the Non-Debtor Entities with the right to contractual indemnification.

8

It is clear, therefore, under Seventh Circuit and Illinois federal district and bankruptcy court decisions interpreting the proper scope of "arising under," "arising in," or "related to" jurisdiction under 28 U.S.C. §1334(b), that this Court does not have subject matter jurisdiction over the removed case. Accordingly, the litigation must be promptly remanded to the Circuit Court for Cook County.

B.    **Alternatively, This Court Should Remand The Above-Captioned Matter To The Circuit Court for Cook County, Illinois Pursuant to 28 U.S.C. § 1452(b).**

Even if this Court were to assume that it might have some type of subject matter jurisdiction, Section 1452(b) of Title 28 provides that this Court may remand this matter "on any equitable ground." In considering a motion to remand under Section 1452(b), this Court must consider the following factors: (1) duplicative and uneconomical expenditure of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) forum non conveniens; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the first court. *In re Gen-Air Plumbing & Remodeling, Inc.*, 208 B.R. 426, 432 (Bktcy.N.D.Ill. 1997).

Finding five of the seven relevant factors to be present, the *Gen-Air* court remanded a state law corporate dissolution proceeding to state court. The first factor favors remand here because, as in *Gen-Air*, a "duplicative and uneconomical" expenditure of judicial resources would be required for this Court to become familiar with the various agreements and circumstances underlying PDH's Claims. *Id.* at 432. Remand of PDH's Claims is appropriate because the Claims, like the claims at issue in *Gen-Air*, "involve purely state law and do not involve any question of federal bankruptcy law." *Id.* Remand would lessen the possibility of results inconsistent with those of the Illinois state courts, which are eminently familiar with state

9

law. This Court's consideration of PDH's Claims would "disserve the notion of economy of

scarce judicial resources" and "ignore the interest of comity between the federal and state

systems," where the Illinois state court, like the court from which this matter was removed, has

heard numerous motions and entered various orders. *Id.* The interest of comity is particularly

vulnerable here, where the defendants have attempted to circumvent, through removal, the State

court's holding that Exide Technologies is not a necessary party to this litigation. The use of the

Bankruptcy Code to forum shop should not be encouraged. *U.S. Brass*, 110 F.3d at 1265.

      Based on these factors, equitable grounds clearly exist for this Court to remand the

instant action. PDH would be unfairly prejudiced by this Court's hearing this matter, as PDH

has already expended significant time and resources conducting discovery, responding to

motions and appearing at oral argument for multiple hearings before Judge Gardner, which have

had the effect of educating the state court judge on the relevant issues and pushing this dispute

forward to trial. If this Court were to ignore the equitable considerations and retain this case,

PDH would be required to duplicate all of these efforts in this new forum.

      **C.    Alternatively, This Court Is Required To Abstain From Hearing The Above-Captioned Action Under 28 U.S.C. § 1334(c)(2).**

      Even in the event that this Court finds that it has jurisdiction over this action, it does not

necessarily follow that this is the proper Court to hear the matter. *Baxter*, 132 B.R. at 867 (even

where jurisdiction is proper, Court may remand the case to state court under 28 U.S.C. § 1452(b)

or abstain from hearing case under 28 U.S.C. § 1334(c)(1) or (c)(2) (discussed <u>supra</u> at Part III

B). Although the grounds underlying the decisions differ, a decision to remand or to abstain

produces the same result. *Baxter*, 132 B.R., at 867.

      Section 1334(c)(2) <u>requires</u> courts to abstain from hearing removed matters when: (1)

Section 1334 is the only basis of federal jurisdiction; (2) the action is based upon a state law

10

claim not arising under Title 11; and (3) the action can be timely adjudicated in state court.

*Baxter*, 132 B.R. at 869.[10] As each of these elements is present here, this Court is required to

abstain from hearing this matter under Section 1334(c)(2), and permit the litigation to go forward

in the Circuit Court of Cook County.

It is beyond dispute that 28 U.S.C. § 1334(b) is the only basis for this Court's jurisdiction

asserted by the Defendants. *See* Notice of Removal, at ¶¶ 3, 13.  PDH's breach of contract,

conversion and unjust enrichment claims against the Non-Debtor Entities are based upon Illinois

state law, a fact which the Defendants' implicitly conceded by citing exclusively to Illinois law

in support of their motion to dismiss each of PDH's Claims, filed in the Circuit Court of Cook

County. *See* Motion and Memorandum, attached as Exhibit K.

In similar situations to those at bar, where extensive discovery has been conducted in a

state court which has presided over numerous hearings related to the case, Illinois federal district

courts have found that the action can be timely adjudicated in state court. *See Baxter*, 132 B.R.

at 869 (where extensive discovery has been conducted in state court, action will likely be ready

for trial much faster in state court, especially in light of time federal court would require to

become familiar with facts of case and be allotted to prepare pretrial order, additional discovery

to be taken, and the court's crowded docket); *State Bank of Lombard v. Chart House*, 46 B.R.

468, 472 (D.C.Ill. 1985) (finding state law cause of action to enforce agreement can be timely

adjudicated in state court of appropriate jurisdiction).

In the instant matter, during the prior thirteen months that this action has been pending in

Illinois state court, the parties appeared at least 9 times before Judge Gardner, who ruled on a

---

[10] 28 U.S.C. § 1334(c)(2) provides that: upon timely motion of a part in a proceeding based upon a State law claim
or State law cause of action, related to a case under Title 11 or arising in a case under title 11, with respect to which
an action could not have been commenced in a court of the United States absent jurisdiction under this section, the

11

variety of motions and discovery disputes and issued 11 orders relating to the case. The parties

propounded and answered interrogatories, requests for admission and requests for production of

documents - which yielded over twenty boxes of documents exchanged between the parties.

Nine depositions have been noted and one has been taken. The state court judge has stated at

multiple status conferences that he intends to move this matter to trial in an appropriately

expeditious manner. In light of the Circuit Court for Cook County's familiarity with the issues at

bar and the Illinois common law upon which PDH's Claims are exclusively based, this Court is

required to abstain from hearing this matter under 28 U.S.C. §1334(c)(2).

**D.    Alternatively, This Court Should Exercise Its Discretion to Abstain From Hearing The Above-Captioned Matter Under 28 U.S.C. § 1334(c)(1).**

Alternatively, this Court is permitted to abstain from hearing this matter under 28 U.S.C.

§ 1334(c)(1), in the interest of justice or in the interest of comity with state courts or respect for

state law. Courts consider various factors in considering whether such permissive abstention is

appropriate, including: (1) the effect or lack thereof on the efficient administration of the

bankruptcy estate; (2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related

proceeding commenced in state court or another non-bankruptcy court; (5) the jurisdictional

basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the

proceeding to the main bankruptcy case; (7) the substance rather than the form of the asserted

"core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters

to allow judgments to be entered in state court with the enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket; (10) the likelihood that commencement of the

proceeding in bankruptcy court involves forum shopping by one of the parties; and (11) the

---

district court *shall* abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated,

presence of non-debtor parties. *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 771 (Bktcy.N.D.Ill. 1993).

One bankruptcy court determined that permissive abstention was appropriate with respect to claims to determine the validity, extent and priority of purported liens in certain accounts receivable of a Chapter 11 debtor, even where only seven of the eleven factors were found to be salient in support of such abstention. *In re Bill Cullen*, 160 B.R. at 585. The most compelling, if not dispositive, factor supporting abstention in that case was that resolution of the claims at issue would have no effect on the estate. *Id.* If a state court proceeding will have no effect upon an estate, abstention is proper.

Here PDH's Claims are asserted against the Non-Debtor Entities only. PDH has agreed that each of its claims against Exide Technologies is stayed pursuant to 11 U.S.C. § 362(a). Accordingly, the Defendants' assertion that PDH seeks recovery from Exide Technologies is baseless. Further, for the reasons stated in Section A.2, there is no reasonable inference that the Non-Debtor Entities will seek indemnification from Exide Technologies for any damages for which they may be found liable. Exide Technologies itself has refused to acknowledge any responsibility to indemnify the Non-Debtor Entities[11], and no party has yet articulated a legal theory under which such indemnification might be available.

In the likely event that the heavy burden of this Court's full docket favors abstention from hearing the instant action,[12] each of the ten remaining relevant factors supports this Court's exercise of its discretion to abstain from hearing this matter. It is undisputed that PDH's claims are entirely founded upon Illinois common law. As the parties made clear by their three lengthy filings and in vigorous oral argument at the hearing on the Defendants' original Motion to

---

in a State forum of appropriate jurisdiction.
[11] *See* footnote 8, *supra*.

Dismiss, each of PDH's claims present difficult questions of state law. Prior to the Defendants' improper removal, this matter was a proceeding in state court. The Defendants have asserted no basis for this Court's jurisdiction other than 28 U.S.C. 1334. *See* Notice of Remand, at ¶¶ 3, 13.

With respect to the sixth *Brizzolara* factor, the crux of this proceeding is remote from Exide Technologies' bankruptcy. PDH is pursuing state law causes of action solely against Non-Debtor Entities based upon the Non-Debtor Entities' independent breach of sale agreements to which the debtor is not even a party. Any recovery by PDH would be exclusively from the Non-Debtor Entities and have no direct effect upon Exide Technologies' bankruptcy estate. Any indirect effect upon Exide Technologies' estate is contingent and uncertain.

PDH's Claims against the Non-Debtor Entities cannot be "core proceedings" as they are not actions "by or against" a debtor in Bankruptcy, and do not arise under the Bankruptcy Code. *See U.S. Brass*, 110 F.3d at 1268. Not only could PDH's Claims be "feasibly severed" from Exide Technologies' bankruptcy proceeding – they have not yet been joined. The circuit court judge was amply satisfied that these separate claims against separate corporations could proceed despite the stay under 11 U.S.C. §362(a) as to Exide Technologies.

As discussed above, the Defendants removed this action on the eve of the state court's fourth hearing on Defendant's argument that Exide Technologies is a necessary party to the adjudication of PDH's Claims – an argument that the state court had previously rejected. Rather than risk the state court's second rejection of this argument, the Defendants decided to try their luck in this Court. The Defendants' actions are the epitome of forum-shopping and strongly mitigate in favor of permissive abstention.

The final *Brizzolara* factor also supports permissive abstention because not only are the Non-Debtor Entities parties to PDH's Claims, but there are *no debtor* entities who are subject to

---

[12] *See Baxter*, 132 B.R. at 869 (acknowledging crowded docket of district courts in the Northern District of Illinois).

liability in this action. As each of the relevant factors weighs in favor of permissive abstention, this Court should abstain from hearing this matter under 28 U.S.C. § 1334(c)(1), thereby permitting this matter to be determined by the Circuit Court for Cook County.

**IV.    CONCLUSION**

WHEREFORE, Plaintiffs, Pacific Dunlop Holdings (Europe) Ltd., Pacific Dunlop Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd., respectfully move that this Court remand the matter to the Circuit Court for Cook County, Illinois for lack of subject matter jurisdiction or, in the alternative, pursuant to 28 U.S.C. 1452(b), abstain from hearing the above-captioned matter pursuant to 28 U.S.C. 1334(c)(1) or (c)(2).

Respectfully submitted,

Pacific Dunlop Holdings (Europe) Ltd. Pacific Dunlop Holdings (Hong Kong) Ltd., and Pacific Dunlop Holdings (Singapore) Pte. Ltd.

By: _____
                    One of their attorneys

Charles P. Goodell, Jr., Esq.
Linda S. Woolf, Esq..
Thomas J.S. Waxter, III, Esq.
Alex J. Brown, Esq.
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410)-783-4040 (Facsimile)

Thomas J. Verticchio, Esq.
Patrick G. Cooke, Esq.
PATZIK, FRANK & SAMOTNY LTD.
150 South Wacker Drive
Suite 900
Chicago, IL 60606
(312) 551 8300
(312) 551 1101 (Facsimile)

15

A-0248