IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Bk. Case No. 02-11125 (KJC) |
| EXIDE TECHNOLOGIES, INC., *et al.*,[1] ) | |
| ) | |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | C.A. No. 05-561- SLR |
| PACIFIC DUNLOP HOLDINGS ) | |
| (EUROPE) LTD, *et al.*, ) | |
| Appellants, ) | Bankruptcy Adv. Pro. No. 04-51299-KJC; |
| v. ) | |
| ) | Removed From Circuit Court of Cook |
| EXIDE HOLDING EUROPE, *et al.* ) | County, Ill. Civ. Action No.: 01L 008460 |
| ) | |

**APPELLANTS' SUPPLEMENTAL BRIEF
FOLLOWING ORAL ARGUMENT ON DECEMBER 18, 2006**

MORRIS JAMES LLP
Brett D. Fallon (ID No. 2480)
Douglas N. Candeub (ID No. 4211)
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899-2306
Telephone: (302) 888-6800
Facsimile: (302) 571-1750

-and-

GOODELL, DEVRIES, LEECH & DANN, LLP
Linda Woolf, Esquire
Paula Krahn Merkle, Esquire
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 783-4000
Facsimile: (410) 783-4040

Dated: January 9, 2007

Attorneys for the Appellants, Pacific Dunlop Holdings (USA), Inc., Pacific Dunlop Holdings (Europe) Limited, P.D. International Pty Limited, Pacific Dunlop Holdings (Hong Kong) Limited, and Pacific Dunlop Holdings (Singapore) PTE. Ltd.

---

[1] The other debtors, apart from lead debtor Exide Technologies, Inc., f/k/a Exide Corporation, were subsidiaries Exide Delaware, L.L.C.; Exide Illinois, Inc.; RBD Liquidation, L.L.C.; Dixie Metals Company; and Refined Metals Corporation. The cases of these subsidiary debtors were closed by order entered June 18, 2004 (Bankr. docket No. 4599).

1505690/1

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berwind Corp. v. Litton Industries, Inc.*,
 532 F.2d 1 (7th Cir. 1976) .................................................................................................. 2

*Cruthis v. Firstar Bank, N.A.*,
 354 Ill.App.3d 1122, 822 N.E.2d 454 (2004) ...................................................................... 2

*Davis v. Life Investors Ins. Co. of America*,
 282 B.R. 186 (S.D. Miss. 2002) ........................................................................................ 4, 5

*Davis, Jr. v. The Merv Griffin Co., et al.*,
 128 B.R. 78 (D.N.J. 1991) ................................................................................................. 4, 5

*Halper v. Halper*, 164 F.3d 830 (3d Cir. 1999) ............................................................................ 3

*Hulse v. Midwest Emery Freight System, Inc.*,
 12 Ill.App.3d 316, 299 N.E.2d 24 (1973) ............................................................................ 2

*IIG Capital LLC v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*,
 338 B.R. 575 (Bankr. S.D.N.Y. 2005) .................................................................................. 4

*In re HA-LO Industries, Inc.*,
 330 B.R. 663, 672 (Bankr. N.D. Ill. 2005) ........................................................................... 3

*In re Harrah's Ent., Inc. Sec. Litigation*,
 1996 WL 684463 (E.D. La. Nov. 26, 1996) ...................................................................... 4, 5

*In re Resorts Int'l, Inc.*, 372 F.3d 154 (3d Cir. 2004) .................................................................. 3

*In re Resource Technology Corp.*,
 2004 WL 419918 (N.D.Ill. Feb. 13, 2004) ........................................................................... 4

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship, et al.*,
 2004 WL 1048239 (S.D.N.Y. May 7, 2004) ..................................................................... 4, 5

*Petty v. Gulf Guar. Ins. Co.*,
 303 F.Supp.2d 815 (N.D. Miss. 2003) .................................................................................. 3

*Schaefer v. Washington Safety Deposit Co.*,
 281 Ill. 43, 117 N.E. 781 (1917) ........................................................................................... 2

**Statutes**

11 U.S.C. § 502(c) ....................................................................................................................... 3

Fed. R. Bankr. P. 7021 .................................................................................................... 3

Fed. R. Civ. P. 21 ........................................................................................................... 3

11 U.S.C. § 502 ............................................................................................ Attachment C

**Other Authorities**

4 *Collier on Bankruptcy* (15th ed. rev'd)
　¶502.03[2][b][iii] (2006) .................................................................... Attachment C

4 *Collier on Bankruptcy* (15th ed. rev'd)
　¶502.06[2] (2006) ............................................................................. Attachment C

The primary focus of this appeal is on the claims of the PDH Foreign Entities against the Exide Foreign Entities (all of which are nondebtors), and on the rights of the PDH Foreign Entities to continue to proceed upon their prepetition contract, tort (*i.e.*, conversion) and unjust enrichment claims against these nondebtors in Illinois state court. For the Court's convenience, a summary of the PDH entities' claims is appended as Attachment A hereto.

At oral argument, the Court raised questions concerning contingent claims against indemnitors and bankruptcy court jurisdiction, and requested that the parties submit supplemental briefs to address those questions. The Court's key questions are excerpted in Attachment B hereto, but are embodied in the following two inquiries:

1. "[I]f it is your position that . . . the debtor has no responsibility for the tort claims and would under no circumstances serve as an indemnitor of the tort claims as opposed to the contract claims, then I need to know that from a practical standpoint." (Tr. 76)

2. "[W]hat happens when you have a guarantor or indemnitor situation and a contingent proof of claim based on that relationship? Who has jurisdiction and where are we?" (Tr. 71)

Appellants'[2] answers to these questions are set forth below.

1. **The Debtor has no responsibility for, and would not serve as an indemnitor of, the PDH Foreign Entities' tortious conversion claims. Moreover, the proofs of claim do not encompass the conversion claims.**

It is indeed Appellants' position that "the debtor has no responsibility for the tort claims and would under no circumstances serve as an indemnitor of the tort claims as opposed to the contract claims." In fact, in none of the two-page attachments to the contingent proof-of-claim forms submitted by the PDH Foreign Entities do they specifically mention the conversion claims, nor do they assert that the Debtor, even on a contingent basis, would be liable to them upon those tort claims. *See* A-0965-0966; A-0968-0969; A-0971-0972[3]. In any event, the PDH Foreign Entities do not intend their contingent proofs

---

[2] Defined terms identified in Appellants' Opening Brief and Appellants' Reply Brief will be used herein.
[3] By way of example, the Attachment to PDH (Europe)'s proof of claim states: "It is PDH (Europe)'s position that Exide Holding Europe is primarily liable for its breaches [of the UK and Europe Sales Agreements], and that the Debtor is secondarily liable to the extent that Exide Holding Europe is unable to satisfy PDH (Europe). The Debtor

1

of claim to seek recovery from the Debtor upon their conversion[4] claims against the Exide Foreign Entities, and they withdraw any inference to the contrary.

While the issue would be one for the Illinois courts, Exide cannot simply rely on the indemnification remedies clause in the various foreign Sales Agreements to preclude the PDH Foreign Entities from independently pursuing their conversion claims in the Illinois courts. Exculpatory clauses are strictly construed against the party they benefit. *Berwind Corp. v. Litton Industries, Inc.*, 532 F.2d 1, 4 (7th Cir. 1976) (Illinois law). While permitted, they may not violate public policy. *Schaefer v. Washington Safety Deposit Co.*, 281 Ill. 43, 50, 117 N.E. 781 (1917). Thus, in a case where contract terms could be construed as a hold harmless or exculpatory agreement, the court refused to construe the operative language as "an undertaking by the plaintiff to exculpate the defendant from its own . . . intentionally inflicted damage." *Hulse v. Midwest Emery Freight System, Inc.*, 12 Ill.App.3d 316, 318, 299 N.E.2d 24, 25 (1973). In short, the claims for conversion stand apart from the breach of contract claims and would not be subject to the indemnification clauses in the agreements.

2.  **The mere fact that the PDH Foreign Entities filed contingent proofs of claim in the Debtor's bankruptcy case does not, under any circumstances, convert their pre-bankruptcy, state law claims *against the nondebtor Exide Foreign Entities*, asserted in their Illinois state court complaint with a jury demand, into "core" claims in the Debtor's post-confirmation bankruptcy case – regardless whether the Debtor is or is not an indemnitor or even sole indemnitor of the liabilities of the Exide Foreign Entities.**

Some preliminary points regarding bankruptcy jurisdiction bear stating or restating. First, bankruptcy courts have no jurisdiction at all over matters unless they are at least "related to" a bankruptcy case; a bankruptcy court's "related to" jurisdiction is what extends to "non-core" matters, and "related

---

contends that it is the sole indemnitor for breaches by it or its subsidiaries under the related sales agreements. . . . [I]f the appropriate court determines that the Debtor is the sole indemnitor, PDH (Europe) has a direct [indemnification] claim against the Debtor for any breaches. . . . [I]f the appropriate court determines that Exide Holding Europe is primarily liable for its breaches, PDH (Europe) has a contingent claim against the Debtor, which is dependent on Exide Holding Europe's ability to satisfy PDH (Europe)'s claims." A-0965-0966. While the state court complaint was one of five exhibits appended to the Attachment to each proof of claim, it was not incorporated by reference into the proof of claim, and only the contract breaches were presented in the text of the Attachment as the basis for the qualified, conditional claim against the Debtor.

[4] Under Illinois law, conversion is an unauthorized act that deprives a person of his property permanently or for an indefinite time. *Cruthis v. Firstar Bank, N.A.*, 354 Ill.App.3d 1122, 1131, 822 N.E.2d 454, 463 (2004) (listing elements). In *Cruthis,* the plaintiffs pursued an action to a verdict for both breach of contract and conversion, though the two counts presented overlapping damages. 354 Ill.App.3d at 1136, 822 N.E.2d at 467.

2

to" jurisdiction is more restrictive after, as in this case, a debtor's plan has been confirmed, requiring a "close nexus" to the case; and a bankruptcy court's "core" jurisdiction is limited to matters arising in or under the Bankruptcy Code. *See generally In re Resorts Int'l, Inc.*, 372 F.3d 154, 162-168 (3d Cir. 2004). Bankruptcy courts do not have the power to exercise ancillary jurisdiction. *In re HA-LO Industries, Inc.*, 330 B.R. 663, 672 (Bankr. N.D. Ill. 2005).

Second, in making core versus non-core determinations about claims in a case, the court must analyze each claim separately. *Halper v. Halper*, 164 F.3d 830, 838-839 (3d Cir. 1999) (expressly rejecting approach of lumping claims together and deciding which category predominates). In this case, that means that the PDH Foreign Entities' direct claims against the Exide Foreign Entities may not permissibly be bundled with either the similar claims of PDH (USA) against the Debtor, Exide, *or* with the PDH Foreign Entities' contingent claims against the Debtor, as expressed in the proofs of claim.

Third, in cases with multiple defendants, the severing of claims against nondebtor defendants from those against a bankrupt debtor is a routine matter, whereby litigation among nondebtors proceeds while the automatic stay is limited to the debtor only. In this case, the claims of the PDH Foreign Entities against the Exide Foreign Entities based on their improper retention of cash in the respective bank accounts at time of closing are discrete and easily severable from the claims of PDH (USA) against the Debtor. *See* Fed. R. Civ. P. 21 ("Any claim against a party may be severed and proceeded with separately."); Fed. R. Bankr. P. 7021. *See, e.g., Petty v. Gulf Guar. Ins. Co.*, 303 F.Supp.2d 815 (N.D. Miss. 2003) (claims of nondebtor plaintiffs were severed from those of the bankrupt plaintiff, and the nondebtor plaintiffs' claims were remanded). The state court effectively severed claims in this case where, prior to the removal of the action, the judge allowed discovery to proceed against the nondebtors.

Finally, a brief review of how contingent claims generally are allowed or disallowed under the Bankruptcy Code may be helpful. For that purpose, a summary comprised of the relevant statutory provisions, with some excerpts from the Collier on Bankruptcy treatise, is appended as <u>Attachment C</u>.[5]

---

[5] Section 502(c) of the Bankruptcy Code, set forth in the attachment, requires the court to estimate any contingent claim when the precise amount of the claim cannot be determined without unduly delaying the administration of the

3

Turning, then, to the precise issue at hand, several cases have presented situations in which a creditor was seeking to pursue claims against nondebtors, and the creditor or the nondebtor defendants, or both, had also filed proofs of claim, in some cases expressly described as contingent, against the debtor, for indemnification or for liability overlapping with that of other defendants. These cases include: **(1)** *In re Resource Technology Corp.*, 2004 WL 419918 (N.D.Ill. Feb. 13, 2004) (all unreported opinions are in Attachment E); **(2)** *Davis, Jr. v. The Merv Griffin Co., et al.*, 128 B.R. 78 (D.N.J. 1991) ; **(3)** *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship, et al.*, 2004 WL 1048239 (S.D.N.Y. May 7, 2004); **(4)** *Davis v. Life Investors Ins. Co. of America*, 282 B.R. 186 (S.D. Miss. 2002); **(5)** *In re Harrah's Ent., Inc. Sec. Litigation*, 1996 WL 684463 (E.D. La. Nov. 26, 1996); and **(6)** *IIG Capital LLC v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*, 338 B.R. 575 (Bankr. S.D.N.Y. 2005).

Each of the above cases is abstracted in depth in Attachment D; however the salient points are that: (A) proofs of claim, in some instances characterized as contingent, for indemnification had been filed, either by the plaintiff creditors, the nondebtor co-defendants, or both, based on written undertakings by the debtor; (B) a jury demand (except in the *Amanat* case) was asserted in the pre-bankruptcy litigation; (C) litigation had been commenced before the bankruptcy case (except in *Amanat*, where the state court suit between nondebtors was filed shortly after debtor Amanat's involuntary bankruptcy); (D) in *none* of these cases were the claims against the nondebtor defendants held to be "core" matters; (E) in holding that they did not have core bankruptcy jurisdiction, the courts specifically concluded that the proofs of claim against the debtor did not alter the non-core nature of the claims by nondebtor plaintiffs against nondebtor defendants; and (F) the courts ruled, whether through mandatory abstention, equitable remand, or other procedural context, that the litigation at issue could not proceed in bankruptcy court.

Beyond these across-the-board conclusions, the courts made other findings directly applicable to the instant case. For example, in *In re Amanat, supra,* the defendant wanted the removed state litigation to stay in the bankruptcy court, but the plaintiff did not. The bankruptcy court abstained and remanded,

---

case. In the *Exide* case, the Debtor recently filed its sixth motion to extend the claims objection date, beyond the deadline set forth in the Plan; so the contingent nature of the PDH Foreign Entities' claims has not to date hindered the closing of the case. Consequently, an estimation hearing has not been needed.

4

rejecting the defendant's "core jurisdiction" argument: "[T]here is no authority that a party with a contingent claim for indemnification can bootstrap its claim onto the Bankruptcy Court's core jurisdiction." 338 B.R. at 581. *See also Davis v. Life Investors Ins. Co. of America*, 282 B.R. at 193 ("This case is not a core proceeding merely because the outcome of this case, if adverse to [defendant] will result in a claim (or support the existing contingent claim) by [defendant] against [the debtor's] bankruptcy estate which in turn might affect the assets of the estate.")

These cases also emphasize that the right to a jury trial upon the claims between nondebtor plaintiffs and nondebtor defendants are not lost when one or both of them happens to also file a proof of claim against a debtor. For example, in *Davis, Jr. v. The Merv Griffin Co., supra*, the court held:

> Having determined that [plaintiff's] claims against [nondebtor defendants] are non-core related proceedings, the bankruptcy court is without authority to conduct a jury trial on those claims. . . . Defendants argue that [plaintiff] may have waived any right that he might otherwise have had to a jury trial in this adversary proceeding by filing a proof of claim in the [debtor's] Chapter 11 proceeding, thereby submitting to the equitable jurisdiction of the Bankruptcy Court. In this respect, the Court must differentiate between [plaintiff's] claims against [the debtor], represented by the filing of a proof of claim, and his claims against . . . non-debtors here. Nor ha[ve] defendants demonstrated otherwise that at this point in the proceedings [plaintiff] has waived his right to a jury trial.

128 B.R. at 102. *See also In re Harrah's Ent., Inc.*, 1996 WL 684463 *3 ("[T]hese cases do not stand for the broader proposition that plaintiffs have waived their jury right in a non-core proceeding involving federal securities laws against non-debtor defendants simply by filing a proof of claim against a debtor in a related bankruptcy case"); *Kerusa Co. LLC,* 2004 WL 1048239 * 6 ("While the Kerusa and Board plaintiffs may have jeopardized their right to a jury trial on their claims against [the debtor] by filing proofs of claim based on the causes of action in this litigation, . . . their right to a jury trial on their claims against the many other defendants is unaffected.")

In sum, for reasons discussed in the briefs and at oral argument, as long as this Court finds that any of the claims of the PDH Foreign Entities against the Exide Foreign Entities are "non-core" or simply not within the scope of the post-confirmation "related to" jurisdiction of the *Exide* bankruptcy court, the Court must mandatorily abstain from considering those claims, enforce the forum selection clauses in the underlying contracts, and remand the claims to state court for trial by jury.

Respectfully submitted,

Dated: January 9, 2007

_____
Brett D. Fallon (ID No. 2480)
Douglas N. Candeub (ID No. 4211)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, Delaware 19899

-and-

Linda Woolf, Esquire
Paula Krahn Merkle, Esquire
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202

Attorneys for the Appellants, the Pacific Dunlop Holdings Entities