# ATTACHMENT B

ATTACHMENT B

The questions presented to counsel by the Court at the December 18, 2006 oral argument, addressed in this supplemental brief, are as follows [11]:

> THE COURT: . . . I think you have to choose whether you are going to try to collect against the debtor or you are going to choose to withdraw your proofs of claim and do what you say you want to do, which is just proceed against the nondebtor entity, knowing that you can't collect against the debtor or the debtors' estate, I should say.
> MR. CANDEUB: I hear your Honor. It's not a question that -- if your Honor is asking me is -- are my clients willing to withdraw the proofs of claim --
> THE COURT: No, I'm not saying are they willing. I'm saying: What legal argument do you have to go both ways? (Tr. 27-28).

> THE COURT: Is there any case, because I maintain you can find a case that says anything, is there any case that either you or the appellees have cited that involves specifically the situation where the only relationship to the estate is that the debtor is an indemnitor?
> MR. CANDEUB: There's --
> THE COURT: Because it seems to me that must happen on a regular basis, and the question is: Is what other Courts have done with that relationship, the indemnity relationship, and whether that, the Bankruptcy Court has jurisdiction, whether it's core? And if you have not cited any cases, I want you to go back and look for that and let me know whether that has been addressed by any Courts or not. (Tr. 67)

> THE COURT [addressing Debtor's counsel]: . . . Let's assume that everyone understood that the debtor was the sole indemnitor, and if they understood that at the outset as someone pursuing litigation against these nondebtor entities, I probably would want to file a contingency claim, to make sure there was money at the end of the day. So are you saying that that is a core proceeding to the extent that, all of a sudden, that litigation should be pursued in Federal Court? I mean, are you saying that a proof of claim of that nature converts that litigation [among nondebtors] into a bankruptcy litigation? (Tr. 70)

> I would like both parties to go back and focus on that issue. . . .[T]he real issue is, in the normal course of events, what happens when you have a guarantor or indemnitor situation and a contingent proof of claim based on that relationship? Who has jurisdiction and where are we? I think that will help me analyze the situation here. I think procedurally, it's all bollixed up, but, nevertheless. And I also want you to go back and just think about what the situation would be -- well, I don't know that the appellant has any interest in giving up its contingent right to collect money from the debtor, but if it were, whether the debtor would really have any interest in pursuing this in bankruptcy despite the "irrevocableness" of filing a proof of claim. (Tr. 71)

> THE COURT: . . . The issue is this: Setting aside how we got here, which is that Judge Carey decided kind of after the fact that the debtor was the sole indemnitor here, let's pretend for a moment that everyone knew that from the beginning and that we have this litigation between nondebtors and nondebtors, and that the nondebtor plaintiffs filed a contingency proof of claim here in case it got judgment and it could have recourse to the debtor.

---

[11] The transcript contained numerous errors. By way of example, it frequently indicates the word "contention" when in fact the word "contingent" was spoken. As another example, the transcript shows "Court" when the word spoken was "tort." (p. 76). The quotations set forth herein encompass corrections of such errors, without indication of the original errors.

1

   I guess the question is: Does that illuminate the issue before us, which is whether the bankruptcy Court has jurisdiction over the underlying litigation, and whether this is a core issue, a noncore issue. Basically, what the Bankruptcy Court would be doing with that to see if that'll help me decide what the Bankruptcy Court should be doing with the situation we have now. (Tr. 72-73)

   THE COURT: . . . Well, you need to clarify for me this: And that is that if it is your position that the tort claims, that the debtor has no responsibility for the tort claims and would under no circumstances serve as an indemnitor of the tort claims as opposed to the contract claims, then I need to know that from a practical standpoint. I'm a little confused about where the contract and the sale comes in and other tort claims. (Tr. 76)