# ATTACHMENT C

ATTACHMENT C - PROVISIONS OF THE BANKRUPTCY CODE
PERTAINING TO CONTINGENT CLAIMS

**11 U.S.C. § 502**

§ 502(a). A claim . . . , proof of which is filed under section 501 of this title is deemed allowed, unless a party in interest . . . objects.

§ 502(b). Except as provided in subsections (e)(2) . . ., if such objection is to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that –

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for reason *other than because such claim is contingent or unmatured*. [Emphasis added.]

\* \* \* \* \*

§ 502(c). There shall be estimated for purpose of allowance under this section –

(1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case.

\* \* \* \* \*

§ 502(e)(1). Notwithstanding subsections (a), (b), and (c) of this section and paragraph 2 of this subsection, the court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that –

(A) such creditor's claim against the estate is disallowed;

(B) such claim for reimbursement or contribution is contingent as of the time of its allowance or disallowance; . . . .

**Collier on Bankruptcy (15th ed. rev'd):**

"The mere fact that a claim is contingent or unmatured does not render it unenforceable within the meaning of section 502(b)(1), even though such a claim might not be enforceable under applicable nonbankruptcy law. Contingent or unmatured claims are specifically dealt with under the provisions of section 502(c) requiring the court to estimate any claims when liquidation of such claim would unduly delay the closing of the case."  4 *Collier on Bankruptcy* (15th ed. rev'd) ¶502.03[2][b][iii] (2006) (hereafter, "*Collier's*").

1

ATTACHMENT C - PROVISIONS OF THE BANKRUPTCY CODE
PERTAINING TO CONTINGENT CLAIMS

"Section 502(e) provides standards for the allowance and disallowance of claims for reimbursement or contribution." 4 *Collier's* at ¶502.06[1].

"Section 502(e)(1) applies only to a 'claim for reimbursement or contribution.' . . . Claims for reimbursement include indemnity claims." 4 *Collier's* at ¶502.06[2][a].

Section 502(e)(1) applies only to 'an entity that is liable with the debtor on or has secured the claim of a creditor,' and typically applies to codebtors, sureties and guarantors." 4 *Collier's* at ¶502.06[2][b].

"[S]ection 502(e)(1)(B) is applicable to a debt owed by the debtor to a creditor which has been guaranteed by a third party. If the primary obligee [*i.e.*, the underlying creditor] seeks payment from its guarantor, the guarantor may seek reimbursement or contribution from the debtor. Both the primary obligee and the guarantor have a claim against the debtor that arises from the same debt; the primary obligee has a right to payment from the debtor, and the guarantor has a contingent right to reimbursement or contribution from the debtor which may become noncontingent in the event that it fully satisfies the primary obligee's claim. . . . [D]isallowing the guarantor's contingent claim . . . insures that the estate will not be liable to the primary obligor and the guarantor for the same debt." 4 *Collier's* at ¶ 502.06[2][d].

"While section 502(e)(1)(B), facially, seems at odds with section 502(c), which provides for the estimation of contingent claims, it is not. Section 502(e)(1)(B) applies to the codebtor's claim. Section 502(c), on the other hand, applies to the underlying creditor's claim." 4 *Collier's* at ¶ 502.06[2][d][i].