# ATTACHMENT D

ATTACHMENT D — ABSTRACTS OF APPLICABLE CASES

- In *In re Resource Technology Corp.*, 2004 WL 419918 (N.D.Ill. Feb. 13, 2004), Debtor RTC, in the business of converting landfill gas into usable energy, had a multi-year contract with an entity, NSC, to construct methane collection systems at its landfills. Leon Greenblatt, an officer and director of RTC, had signed a promissory note in favor of NSC to induce it to hold off on suing RTC for unpaid invoices. Under the note's terms, to the extent that Greenblatt made any payments on the note, NSC assigned its claims against RTC to him. Later, creditor NSC filed suit in state court against RTC and Greenblatt, seeking payment from RTC for outstanding invoices and from Greenblatt upon the note. A jury demand was made. Several months after the lawsuit was commenced, Chapter 11 bankruptcy proceedings for RTC were initiated. Creditor NSC filed a proof of claim, alleging what it had asserted in the state court proceeding, and RTC filed objections to the NSC proof of claim. Co-defendant Greenblatt also filed a "contingent" proof of claim against RTC because, if he were found liable on the promissory note, he could pursue NSC's claims against him for the amount of the judgment against him. NSC filed a motion for permissive abstention, to allow the state court to resolve the dispute. *Held*, the District Court affirmed on appeal the bankruptcy court's granting of the abstention motion, and held that the claims asserted by creditor NSC against nondebtor Greenblatt did not arise in a bankruptcy or arise under title 11 (*i.e.*, were not core), but at best were "related to" RTC's bankruptcy case (*i.e.*, non-core), notwithstanding that each had filed a proof of claim. *Id.*, *3-*5. Further, the court found that while defendant Greenblatt certainly would not be entitled to a jury trial with respect to his claim against the debtor RTC, having filed a proof of claim, he *did* have a right to a jury trial of NSC's claims against him, and did not forfeit that right by filing the proof of claim against RTC. *Id.*, *5.

- In *Davis, Jr. v. The Merv Griffin Co.*, 128 B.R. 78 (D.N.J. 1991), plaintiff, a former employee and officer of debtor Resorts International, Inc. (Resorts), filed a state court lawsuit against Resorts, Merv Griffin (Griffin), and The Griffin Company (TGC), alleging, *inter alia*, breach of contract and wrongful termination of employment. The complaint included a jury demand. A month later, the Chapter 11 case of Resorts was commenced. Pursuant to a motion by plaintiff, the state court severed the claims against Resorts from those against the other defendants. Griffin and TGC removed the action to the District Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship, and then moved to have it referred to the bankruptcy court pursuant to § 1452, and the referral was granted. The plaintiff filed a proof of claim against Resorts, which stated that the basis for it was the state court cause of action. Defendant Griffin also filed a proof of claim against Resorts, asserting that the Debtor had a contractual indemnification obligation in the event of liability to Plaintiff. Plaintiff moved to remand the action, out of bankruptcy court and back to the District Court. *Id.*, 85-96. *Held*, the District Court approved and adopted the report and recommendation of the Bankruptcy Court, ruling that "it is clear that plaintiff's claims against TGC and Griffin for breach of contract, tortious interference with contract rights and breach of covenants of good faith and fair dealings are state law claims which do not fit within the definition of a 'core' proceeding under 28 U.S.C. § 157. Moreover, plaintiff's action is not a core proceeding as it does not invoke a substantive right provided by title 11 or which could arise only in the context of a bankruptcy case. . . . The court cannot reasonably conclude that plaintiff's severed claims against Griffin and TGC . . . . all of which occurred pre-petition are core proceedings." *Id.*, 90-91. Furthermore, the court rejected the defendants' contention that the plaintiff's severed claims against Griffin and TGC were or became "core" by reason that, if judgments were obtained against them, Resorts might be contractually obligated to indemnify them, under its certificate of incorporation. *Id.*, 91-96. The claims against TGC and Griffin were held to be non-core, and the bankruptcy court was without authority to conduct a jury trial on them (*i.e.*, plaintiff's proof of claim against the debtor did not wipe out his jury rights against these nondebtors), so remand was ordered. *Id.*, 80, 102.

1

ATTACHMENT D — ABSTRACTS OF APPLICABLE CASES

- In *Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship*, 2004 WL 1048239 (S.D.N.Y. May 7, 2004), three separate complaints were filed in New York state court, by the Board of Managers of 515 Park Ave. Condominium, various purchasers of apartment units, their family members, or legal representatives, in connection with construction and design defects and resulting water damage and mold infestations in a condominium development. The defendants were the Sponsor entity, various other entities affiliated with the Zeckendorf family real estate business, the general construction contractor and manager (J.A. Jones), the architect, the mechanical engineers, and the structural engineers. *Id.*, *1. There were "many cross-claims among defendants" (*id.*, *2), thus implying that there were claims for indemnification or contribution. After one defendant, J.A. Jones, filed for bankruptcy relief, the Sponsor removed the three actions to the District Court under 28 U.S.C. § 1452(a). Plaintiffs, joined by some of the defendants, moved to remand the actions to state court. In the interim, the plaintiffs in two of the three lawsuits filed proofs of claim in the bankruptcy case. *Id.*, *1-*2. In addition, some of the nondebtor defendants filed "contingent, unliquidated proofs of claim premised on the future outcome of the actions. *Id.*, *6. *Held*, the District Court granted the remand motion. In the course of its analysis, the court observed, "[e]ven if the proofs of claim filed by the Kerusa and Board of Managers plaintiffs in the Jones bankruptcy render their claims against Jones 'core' (a conclusion which the Court need not reach here), they have no effect on the claims against the other defendants . . . all of which are clearly non-core." *Id.* Furthermore, while the Kerusa and Board of Managers plaintiffs may have jeopardized their right to a jury trial on their claims against Jones by filing proofs of claim based on their causes of action in the litigation, "their right to a jury trial on their claims against the many other defendants is unaffected."

- In *Davis v. Life Investors Ins. Co.*, 282 B.R. 186 (S.D. Miss. 2002), pre-petition, plaintiff filed a state court action against McNatt Motor Co. (McNatt) and Life Investors, contending that Life Investors had wrongly denied his claim for benefits under a policy of credit disability insurance sold to him by McNatt, in conjunction with his purchase and financing of a car from McNatt. McNatt then filed for Chapter 11 relief. Life Investors removed the action from state court and asserted jurisdiction based on 28 U.S.C. § 1334. Defendant Life Investors filed a proof of claim in the bankruptcy case based on an indemnity agreement between itself and McNatt. Plaintiff obtained stay relief from the bankruptcy court to proceed against the debtor's liability insurance, and moved for remand and abstention. *Held*, the District Court granted mandatory abstention and rejected Life Investors' contention that this was a "core" proceeding; rather, the indemnity agreement between Life Investors and the debtor only created "related to" jurisdiction. That the outcome of the underlying action, if adverse to Life Investors, would result in a claim against the estate that might affect the estate's assets was insufficient basis to turn this prepetition state law action into a core proceeding. The court noted that, even if abstention were not mandatory, it would still remand the matter, *inter alia*, in view of the plaintiff's right to a jury trial. *Id.*, 187-194.

- In *In re Harrah's Ent., Inc. Sec. Litigation*, 1996 WL 684463 (E.D. La. Nov. 26, 1996), the plaintiffs in this action purchased corporate bonds issued jointly by Harrah's Jazz Co. (HJC) and Harrah's Jazz Finance Corp. (HJ Finance), and they commenced securities litigation alleging they were defrauded by the prospectus and registration statement for the bonds. HJ Finance was wholly owned by HJC. HJC in turn was comprised of three partners, and Harrah's Entertainment, Inc. (HET) was a remote corporate parent of one of the partners. The defendants in the securities litigation were HET and several individual officers or directors (collectively, the Harrah's defendants), and three national brokerage and investment banking firms. HJ Finance, HJC, and its corporate partners were not named defendants in the amended and consolidated complaint because each of them was in bankruptcy. The plaintiffs filed proofs of claim in the HJC and HJ Finance bankruptcy proceedings. Some of the Harrah's defendants also filed proofs of claim in the HJC bankruptcy case for contribution and indemnification pursuant to provisions of the HJC Partnership Agreement. The Harrah's defendants moved to refer the litigation to the bankruptcy

ATTACHMENT D — ABSTRACTS OF APPLICABLE CASES

court handling the HJC and HJ Finance cases, arguing that plaintiffs submitted themselves to the bankruptcy court's jurisdiction and waived all jury trial rights by submitting their proofs of claim. The plaintiffs opposed the motion, arguing that this non-core case between nondebtor parties was not "related to" the bankruptcy case, and even if it were "related to" those proceedings, the action would be subject to mandatory abstention by the bankruptcy court. *Held*, the District Court agreed with plaintiffs, and denied the motion for referral to bankruptcy. The court said that, while plaintiffs may have waived their jury trial right against HJC by submitting their proof of claim, the plaintiffs had not "waived their jury right in a non-core proceeding involving federal securities laws against non-debtor defendants simply by filing a proof of claim against a debtor in a related bankruptcy case." *Id.*, *3.

- In *IIG Capital LLC v. Wollmuth Maher & Deutsch, LLP (In re Amanat)*, 338 B.R. 575 (Bankr. S.D.N.Y. 2005), Omar Amanat was the principal of MarketXT, Inc., whose business was maintaining a communications network for securities trading. Archipelago Securities LLC was one of its customers. MarketXT entered into a Factoring and Security Agreement with IIG Capital to factor its receivables. IIG Capital allegedly informed Archipelago that MarketXT had assigned its present and future accounts to it, and provided its mailing address for future payments. Three months earlier though, MarketXT had commenced an arbitration against Archipelago for unpaid invoices. MarketXT retained Wollmuth Maher & Deutsch ("WMD") to prosecute its claims in the arbitration, on a contingency fee basis. IIG Capital alleges it informed WMD about the assignment of receivables. A few months later, MarketXT and Archipelago entered into a Settlement Agreement, and Archipelago paid in excess of $3 million, part of which went to WMD, with the rest to MarketXT. WMD disputed with MarketXT and Amanat over whether WMD was owed more in fees. To induce a resolution, Amanat executed an Affidavit and Agreement in which he expressly agreed, *inter alia,* that WMD could assert a direct claim against him if any of the representations in the agreement proved to be false. Thereafter, an involuntary Chapter 7 case was commenced against Amanat. IIG Capital commenced a state court action against WMD asserting six state law causes of action, involving impairment of its alleged interest in the Archipelago receivable. WMD filed "a contingent unliquidated proof of claim" against the Amanat estate based on his potential liability for indemnification under the Affidavit and Agreement. WMD then removed the state court action to the bankruptcy court. IIG Capital moved to remand it back to state court. *Held*, the Bankruptcy Court found that it had "related to" (non-core) jurisdiction only, and held that mandatory abstention applied, compelling the remand back to state court. *Id.*, 579-582. The court stated: "there is no authority that a party with a contingent claim for indemnification can bootstrap its claim onto the Bankruptcy Court's core jurisdiction." *Id.*, 581.